UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: | |
| Todd Friedman | Elizabeth Van Horn | |

**Proceedings:** DEFENDANT'S MOTIONS TO COMPEL ARBITRATION AND STAY THE CASE (dkt. 20, filed May 23, 2016)

## I.    INTRODUCTION

On October 5, 2015, plaintiff Monica Echavarria ("plaintiff") filed this putative class action in the Los Angeles County Superior Court against defendant Adir International LLC ("defendant"), and Does 1-50, inclusive. On November 25, 2015, defendant removed this action to federal court, asserting federal question jurisdiction. Dkt. 1 ("Notice of Removal"). On December 19, 2015, plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. 9 (FAC). In brief, plaintiff seeks to recover for both negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788, et seq. Plaintiff seeks to assert her claims both individually and on behalf of all others similarly situated.[1]

On May 6, 2016, defendant filed the instant motion to compel arbitration of plaintiff's individual claims and stay this litigation pending resolution of the arbitration. Dkt. 17 ("Motion"). On May 16, 2016, plaintiff filed an opposition to the instant motion. Dkt. 19 ("Opp'n"). On May 23, 2016, defendant filed a reply. Dkt. 20 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

---

[1] Accordingly, on January 25, 2016, plaintiff filed a motion to certify a class, noticed for hearing on November 14, 2016. See Dkt. 13.

[2] On June 13, 2016, during the hearing on the instant motion, the parties received a copy of this order as the Court's tentative ruling. Both plaintiff and defendant submitted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

## II. BACKGROUND

Defendant operates a chain of eleven Curacao department stores that sells furniture, appliances, electronics, cosmetics, and other items in California and Arizona.. Declaration of Joseph Jiron ("Jiron Decl.") at ¶ 2; see also FAC at ¶ 5. Plaintiff alleges that beginning in and around February 2015, defendant began contacting plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt. FAC at ¶ 8.

According to plaintiff, defendant violated the TCPA and RFDCPA by calling plaintiff numerous times a day and sending plaintiff several unsolicited text messages from a private telephone number between February and March 2015. See id. at ¶¶ 7-11. Plaintiff alleges that "[a]s a result of the [alleged] violations of the RFDCPA and TCPA, [p]laintiff suffered and continues to suffer injury to [p]laintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and [d]efendant is liable to [p]laintiff for [p]laintiff's actual damages, statutory damages, and costs and attorney's fees." Id. at ¶ 27. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the following proposed class:

> All persons within the United States who received any collection telephone calls/texts from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice or unsolicited text messages and such person had not previously consented to receiving such calls/texts within the four years prior to the filing of this Complaint

Id. at ¶ 21 (Class Allegations).

In the instant motion to compel arbitration of plaintiff's individual claims, defendant asserts that in or around October 2008, plaintiff first opened an account with defendant and has, since then, made several purchases over the years. Jiron Decl. at ¶ 2. Defendant avers that plaintiff's claims in the instant action arise from an installment sales contract ("the sales contract") that plaintiff signed on May 14, 2014. Id., Ex. A. The

---

on the Court's tentative order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

sales contract contained an "Agreement to Arbitrate and Class Action Waiver," which reads, in relevant part, as follows:

> In consideration for our extending credit to you, you agree that any claim, dispute or controversy relating in any way to our relationship ("Claim") shall, at the demand of any party, be resolved by arbitration before the American Arbitration Association under its rules in effect when the Claim is filed. This means that you will not be able to have the dispute settled by trial or before a jury or to participate in a class action in, court, including your right to appeal, may not be available. However, we will not demand arbitration of any Claim you pursue in small claims court. Any arbitration will take place in the county that includes the emailing address we have on file for you when the Claim is filed or at any other mutually acceptable location. . . .
>
> **NO ARBITRATOR OR COURT MAY ORDER, PERMIT OR CERTIFY A CLASS ACTION, REPRESENTATIVE ACTION, PRIVATE ATTORNEY GENERAL LITIGATION OR CONSOLIDATED ARBITRATION IN CONNECTION WITH THIS AGREEMENT. NO ARBITRATOR OR COURT MAY ORDER OR PERMIT A JOINDER OF PARTIES OTHER THAN ANY JOINT APPLICANT OR OTHER AUTHORIZED BORROWER. YOU WAIVE THE RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION, REPRESENTATIVE ACTION, PRIVATE ATTORNEY GENERAL LITIGATION OR CONSOLIDATED ARBITRATION RELATED TO YOUR LOAN OR ACCOUNT** . . .
>
> If any provision of this arbitration clause should be found invalid or unenforceable, that determination shall not affect the enforceability of the remaining provisions. **YOU MAY REJECT THIS ARBITRATION CLAUSE, BUT YOU**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

> **MUST DO SO PROMPTLY. If you do not wish to be bound by this arbitration clause, you must notify us within 60 days from today by mailing a written request to [Address]. The request must include your account or contract number and a clear statement of your intent, such as "I reject the arbitration clause in the Curacao Credit Agreement."**

Id. (emphasis in original).

The installment sales contract also contained the following paragraph:

> Buyer acknowledges that (1) before signing this agreement Buyer read both sides of this agreement and received a legible, completely filled-in copy of this agreement; and (2) Buyer has received a copy of every other document that Buyer signed during the contract negotiation. (3) The buyer also acknowledges disclosure of the cost of property insurance as shown above and authorize inclusion of the premiums in the balance payable under this obligation.

Id. According to defendant, plaintiff never mailed a written statement rejecting the arbitration clause under the terms of sales the contract. See id. ("**YOU MAY REJECT THIS ARBITRATION CLAUSE, BUT YOU MUST DO SO PROMPTLY. If you do not wish to be bound by this arbitration clause, you must notify us within 60 days from today by mailing a written request** . . . ."); Declaration of Elizabeth Van Horn ("Van Horn Decl.") at ¶ 2. In July 2014, plaintiff's account was reported delinquent. Motion at 4. For the first nine months thereafter, the matter was handled by defendant's in-house collections department. Id. In April 2015, plaintiff's account was assigned to an outside collections agency. Id. Defendants assert that plaintiff's claims arise from the in-house Collection Department's efforts to contact plaintiff regarding her outstanding debts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24(1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal. 4th 951, 972 (1997).

### IV. DISCUSSION

In opposition to the instant motion, plaintiff first contends (1) that defendant waived its right to arbitrate this matter by (a) failing timely to raise the defense and take affirmative steps to compel arbitration, and by (b) failing to participate in conduct consistent with the intent to arbitrate the dispute for the past six months. In the alternative, plaintiff argues (2) that the arbitration provision does not cover the dispute at issue in this action, and (3) that the arbitration clause is unconscionable under Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

and California law. Opp'n at 1-2. For the reasons articulated in the discussion that follows, the Court disagrees, and accordingly grants defendant's motion to compel arbitration of plaintiff's individual claims.

### A.    Whether Defendant Waived its Right to Compel Arbitration

Plaintiff argues that defendant waived its right to arbitrate the instant action. "The right to arbitration, like any other contract right, can be waived." United States v. Park Place Associates, Ltd., 563 F.3d 907, 921 (9th Cir. 2009). However, "[a]ny examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). Indeed, the Ninth Circuit has emphasized that "waiver of the right to arbitration is disfavored because it is a contractual right, and thus 'any party arguing waiver of arbitration bears a heavy burden of proof.'" Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758 (9th Cir. 1988) (citation omitted).

As the Ninth Circuit explained in Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1124 (9th Cir. 2008), the California Supreme Court has set forth the following factors in St. Agnes Medical Center v. PacifiCare of California, 82 P.3d 727 (2003) to be considered under California law in determining whether arbitration has been waived:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

Id. (citing St. Agnes, 82 P.3d at 733) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

     In opposition to the instant motion, plaintiff contends that application of the St. Agnes factors supports a finding of wavier. Plaintiff argues that defendant has proceeded in this action for seven months without moving to compel arbitration, "[i]nstead . . . fil[ing] an Answer, [holding] a Rule 26(f) conference, receiv[ing] the benefit[s] of [p]laintiff's initial disclosures, unsuccessfully fil[ing] a Motion to Dismiss, and attend[ing] the case management conference." Opp'n at 4-5. In doing so, defendant purportedly "acted inconsistently with an intent to arbitrate, substantially invoked the 'litigation machinery,' took advantage of the judicial discovery procedures not available in arbitration, and prejudiced [p]laintiff with such conduct." Id. at 8. Plaintiff also avers that her attorneys were "forced" to file a motion to certify a class, and incurred "substantial" fees in doing so. Opp'n at 5. In its reply, defendant contends that its actions were not inconsistent with its right to arbitrate, as it has not filed a counterclaim, has not sought any discovery from plaintiff, and has moved to compel arbitration well before a trial date was even scheduled in this action. Defendant further contends that plaintiff has not suffered prejudice of the sort that supports finding a waiver.

     Despite plaintiff's contentions to the contrary, the Court finds that application of the St. Agnes factors here does not support a finding of waiver.

     First, factors one and two—which relate to the invocation of "litigation machinery" and whether defendant's actions are "inconsistent with the right to arbitrate"—weigh against a finding of waiver. Although defendant (a) has filed both a motion to dismiss the initial complaint and an Answer to the operative First Amended Complaint, (b) has held a Rule 26(f) conference, and (c) has attended a case management conference, the "mere[] participati[on] in litigation, by itself, does not result in a waiver . . . ." St. Agnes Med. Ctr., 82 P.3d at 738; c.f. Law Offices of Dixon R. Howell v. Valley, 29 Cal. Rptr. 3d 499, 516 (2005) (finding that the litigation machinery *had* been "substantially invoked" where "the parties engaged in discovery, submitted the case to judicial arbitration, had the court consider Law Firm's summary judgment motion, participated in a mandatory settlement conference, and allowed the case to proceed to the brink of trial").

     Although defendant filed a motion to dismiss the initial complaint in this action, the Court did not substantively rule on the motion, which was mooted by plaintiff's filing of the operative First Amended Complaint (to which defendant filed an Answer). Accordingly, the instant case is easily distinguishable from both Gonsalves v. Infosys Technologies, Ltd., 2010 WL 3118861, (N.D. Cal. Aug 5, 2010), and McConnell v.

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

Merrill Lynch, Pierce, Fenner, & Smith, Inc., 105 Cal. App. 3d 946 (1980), upon which plaintiff relies in her opposition. Specifically, in Gonsalves, the defendant sought to compel arbitration after filing a *second* motion to dismiss, "which [had] led to the dismissal of several of plaintiff's claims with prejudice." Gonsalves, 2010 WL 3118861, at *3. In McConnell, the defendant "vigorously opposed the [plaintiffs'] motion for class certification on the merits," "initially won a dismissal," and thereafter demurred to plaintiffs' second amended complaint and sought to strike portions thereof. McConnell, 105 Cal. App. 3d at 952. Here, again, defendant only filed a (mooted) motion to dismiss and an Answer in response to plaintiff's amended complaint. Because "waiver generally does not occur where the arbitrable issues have not been litigated to judgement," St. Agnes, 92 P.3d at 736, the Court does not find plaintiff's fairly minimal invocation of "litigation machinery" here to support a finding of waiver. See also Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1131 (C.D. Cal. 2011) (Fees, J.) (finding no waiver where defendant had "not invoked the litigation machinery beyond the minimum required to defend against the suit," despite the fact that "some discovery ha[d] occurred," and the court had already "entertained a motion to dismiss by Defendants and a motion for class certification by Plaintiff").

As to factors three and four regarding whether defendant has either unreasonably delayed in seeking arbitration or filed a counterclaim against plaintiff, both of these factors weigh against a finding of waiver. Defendant has not filed a counterclaim against plaintiff, nor has defendant sought to compel arbitration on the eve of trial—indeed, trial has yet to be set in this matter. See also Rodriguez v. Shen Zen New World I LLC, 2014 WL 908464 at *4 (C.D. Cal. March 6, 2014) (Lew, J.) (concluding that a ten-month delay was not prejudicial because defendant requested arbitration six months before trial).

Regarding the fifth factor, plaintiff argues that defendant "took advantage of the judicial discovery procedures not available in arbitration," such as the benefit of plaintiff's "initial disclosures." Opp'n at 1, 8. However, although defendant has engaged in initial disclosure pursuant to Rule 26(f), defendant has yet to pursue any affirmative discovery whatsoever. Van Horn Decl. 2, at ¶¶ 3-4. See Rodriguez, 2014 WL 908464 at *4 (finding no waiver where plaintiff "cite[d] to his own discovery efforts . . . [but] fail[ed] to indicate what discovery, if any, Defendant ha[d] pursued."). This suggests, contrary to plaintiff's assertions, that defendant has not "tak[en] advantage of judicial discovery procedures [that are] not available in arbitration." St. Agnes, 82 P.3d at 733; compare In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products

Case 2:15-cv-09172-CAS-KS Document 25 Filed 06/13/16 Page 9 of 14 Page ID #:250

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

Liab. Litig., 828 F.Supp.2d 1150, 1165 (C.D. Cal. 2011) (finding waiver where Toyota had been litigating for three years and obtained the benefit of discovery it would have forfeited in arbitration), aff'd sub nom. Kramer v. Toyota Motor Corp., 705 F.3d 1122 (9th Cir. 2013); see also Cox, 533 F.3d at 1125 (noting that "waiver focuses on the actions of the party charged with waiver"). Because defendant "has only responded to discovery requests and has not propounded any discovery requests itself," it "has not unfairly benefitted from discovery procedures that would not have been available to it had it moved to compel arbitration at an earlier point." Quevedo, 798 F. Supp. 2d at 1132.

      Lastly, plaintiff asserts that she has been prejudiced by defendant's motion to compel arbitration. In particular, plaintiff states that defendant's delay of "nearly seven months has undercut any chance of speedy and relatively inexpensive resolution." Opp'n at 15. However, the California Supreme Court has explained that "courts will not find prejudice where the party opposing the arbitration shows only that it incurred court costs and legal expenses." St. Agnes, 82 P.3d at 739; Groom v. Health Net, 82 Cal. App. 4th 1189, 1197 (2000) (noting defendant "cites no case that holds that the mere expense of responding to preliminary court motions, by itself, constitutes the prejudice that bars a belated petition to compel arbitration"). Accordingly, any alleged prejudice suffered on account of the expenses incurred thus far in litigating this action is insufficient to justify a finding of waiver. See, e.g. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 698 (9th Cir. 1986) (rejecting an argument regarding prejudice associated with "substantial expense" of litigation on the grounds that any such"wound is self-inflicted"); Quevedo, 798 F. Supp. 2d at 1132 (finding no prejudice where defendant argued he "ha[d] invested significant time and resources in prosecuting this action in federal court" and that the delay had prevented him from taking advantage "of any of the highly touted efficiencies of arbitration—i.e., quick results and low costs"). "Where the Ninth Circuit *has* found prejudice following significant and expensive litigation, it has focused on other harms arising from arbitration after lengthy litigation, such as duplication of litigation on the merits." Aguilera v. Prospect Mortgage, LLC, 2013 WL 4778179 at *6 (C.D. Cal. 2013) (Gee, J.) (emphasis added). Here, there is no danger of any such duplication of litigation on the merits.

      Accordingly, because all of the St. Agnes factors weigh strongly *against* a finding of waiver, the Court concludes that defendant has not waived its right to arbitrate this action in accordance with the arbitration clause in the contract between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

### B. Whether the Arbitration Provision Covers the Dispute at Issue in this Action

Even if defendant has not waived its right to arbitrate the instant dispute, plaintiff contends that the issues to be adjudicated here are beyond the scope of the arbitration agreement. Specifically, plaintiff asserts that defendant's purportedly unlawful debt collection activity did not "arise from any issue pertaining to the parties' underlying contract" and that "nowhere did the arbitration provision or agreement speak of . . . [such] conduct." Opp'n at 8.

The relevant arbitration clause reads as follows:

> In consideration for our extending credit to you, you agree that any claim, dispute or controversy ***relating in any way to our relationship*** ("Claim") shall, at the demand of any party, be resolved by arbitration before the American Arbitration Association under its rules in effect when the Claim is filed.

Jiron Decl. at Ex. A (emphasis added). The Ninth Circuit has explained that arbitration clauses using only "arising under" language should be narrowly construed, while those invoking "relating to" language—like the language at issue here—are much broader in scope. See Cape Flattery Ltd. v. Titan Mar., LLC, 647 F.3d 914, 922 (9th Cir. 2011) ("Because of the absence of the 'relating to' language in the arbitration provision, we had 'no difficulty finding that 'arising hereunder' is intended to cover a much narrower scope of disputes, i.e., only those relating to the interpretation and performance of the contract itself.' ") (citation omitted), cert. denied, 132 S.Ct. 1862 (2012).

Accordingly, when presented with claims that are similar to those at issue in this action (i.e., TCPA and RFDCPA claims), other district courts in this circuit have compelled arbitration pursuant to clauses covering claims "relating to" the underlying contractual relationship between the parties. See, e.g., Brown v. DIRECTV, LLC, 2013 WL 3273811, at *6 (C.D. Cal. June 26, 2013) (Gee, J.) ("Brown's argument that TCPA claims are not arbitrable blurs the distinction between 'arising under' language and 'relating to' language and, for that reason, the Court rejects it . . . Brown's TCPA claim alleges that the attempts to collect were illegal. The ability to collect on an unpaid

Case 2:15-cv-09172-CAS-KS Document 25 Filed 06/13/16 Page 11 of 14 Page ID #:252

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

contract is 'related to' that contract and, here, that is all that is required for the claims against DIRECTV to fall within the scope of the arbitration clause."); Cayanan v. Citi Holdings, Inc., 928 F. Supp. 2d 1182, 1207 (S.D. Cal. 2013) (calls made to plaintiffs "because Plaintiffs had failed to make timely payments on their accounts," "for the limited purpose of collecting money owed them," and "not . . . for advertising, marketing, or other purposes unrelated to the accounts," were " 'related to' the delinquent credit accounts" and thus TCPA claims based on those calls were covered by arbitration clause); Coppock v. Citigroup, Inc., 2013 WL 1192632, at (W.D. Wash. Mar. 22, 2013) (same); McNamara v. Royal Bank of Scotland Grp., 2012 WL 5392181, at *7 (S.D. Cal. Nov.5, 2012) (same); Delgado v. Progress Fin. Co., 2014 WL 1756282, at *6 (E.D. Cal. May 1, 2014) ("This Court finds that conduct alleged in the context of [plaintiff's] RFDCPA claims is related to the Loan Agreement within the context of the FAA.").

In light of the broad scope of the arbitration clause's language, the Court concludes that plaintiff's TCPA and RFDCPA claims fall within the clause's scope.

### C. Whether the Arbitration Provision is Enforceable

Plaintiff argues that the arbitration agreement is unconscionable and thus, unenforceable. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 89 (2000)). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89. If the Court determines that contractual provisions are unconscionable, the Court must then decide whether the unconscionable provisions are severable from the rest of the contract. Id. at 121–22.

#### 1. Procedural Unconscionability

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002); A&M Produce Co. v. FMC Corp., 135

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

Cal. App. 3d 473, 484 (1982). "Oppression" addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation" and an absence of "meaningful choice." A&M Produce, 135 Cal. App. 3d at 486. "Surprise" concerns the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v. Superior Court, 176 Cal. App. 4th 1554, 1568 (2009).

Here, plaintiff's argument regarding procedural unconscionability relates only to the purportedly oppressive and adhesive nature of the contract.

### a. Oppression

"The threshold inquiry in California's unconscionability analysis is 'whether the arbitration agreement is adhesive.'" Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 850 (2001)). A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1997) (internal quotation marks and citations omitted).

Here, plaintiff argues that the arbitration provision is procedurally unconscionable because the arbitration agreement is set forth in a "standard pre-prepared document prepared by Defendant and used regularly in the course of its business of providing services to consumers . . . ." Opp'n at 13. Specifically, plaintiff contends that the "take it or leave it" nature of the sales contract denied plaintiff the opportunity to "negotiate whether or not an arbitration provision will exist." Opp'n at 12-13. Generally, adhesive contracts of the kind described by plaintiff are considered oppressive and procedurally unconscionable under California law. See Trivedi v. Curexo Tech. Corp., 189 Cal. App. 4th 387, 393 (2010) ("Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a 'take it or leave it basis.'"); Flores, 93 Cal. App. 4th at 853 ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability."); Stirlen, 51 Cal. App. 4th at 1533 ("[T]he threshold question is whether the subject arbitration clause is part of a contract of adhesion, thereby establishing the necessary element of procedural unconscionability.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

Here, however, the arbitration clause was *not* presented on a take-it-or-leave-it basis. Simply put, plaintiff's arguments are contradicted by the plain terms of the contract's arbitration clause, which expressly stated that plaintiff "**MAY REJECT [THE] ARBITRATION CLAUSE**" by notifying defendant in writing within sixty days of signing. See Jiron Decl., Ex. A. Because plaintiff failed to exercise this option, and doing so would not have affected her other rights under the contract, the Court concludes that the negotiation of the arbitration provision was not oppressive under California law. See Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198, 1199 (9th Cir. 2002) ("This case lacks the necessary element of procedural unconscionability. Ahmed was not presented with a contract of adhesion *because he was given the opportunity to opt-out of the Circuit City arbitration program by mailing in a simple one-page form*.") (emphasis added).

Moreover, the relevant arbitration clause "was not buried in a lengthy . . . agreement," but rather was prominently displayed—in capitalized, boldfaced letters—in a separate section entitled, "Agreement to Arbitrate and Class Action Waiver," of (a fairly succinct) contract. Roman v. Superior Court, 172 Cal. App. 4th 1462, 1471 (2009). Compare Higgins v. Superior Court, 140 Cal.App.4th 1238, 1252-53 (2006) (finding the degree of procedural unconscionability to be high where an arbitration provision was buried in a 24-page, single-spaced document and, "[a]lthough petitioners were required to place their initials in boxes adjacent to six other paragraphs, no box [for initials] appeared next to the arbitration provision"). Such conspicuous and prominent placement of the arbitration provision further supports the Court's conclusion that the agreement was not procedurally unconscionable. See Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding that an arbitration provision was not procedurally unconscionable under California law when the provision was not "buried in fine print in the [contract], but was instead in its own section, clearly labeled, in boldface"); cf. A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 490 (1982) (finding procedural unconscionability of consequential damage provision contained in middle of last page of an agreement in inconspicuous font).

### 2.  Substantive Unconscionability

"Substantive unconscionability addresses the fairness of the term in dispute." Pokorny, 601 F.3d at 997 (quoting Szetela v. Discover Bank, 97 Cal. App. 4th 1094, 1100 (2002)) (internal quotation marks omitted). Under California law, substantive unconscionability "arises when a provision is overly harsh, unduly oppressive, so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09172-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | MONICA ECHAVARRIA V. ADIR INTERNATIONAL, LLC | | |

one-sided as to shock the conscience, or unfairly one-sided." Mohamed v. Uber Techs., Inc., 109 F. Supp. 3d 1185, 1206-07 (N.D. Cal. 2015) (Chen, J.) (citations omitted). Here, in two brief paragraphs, plaintiff asserts that the arbitration clause is substantively unconscionable because it is "oppressive" and "extremely broad in scope and time." Opp'n at 13. Plaintiff offers little authority in support of this argument, and further cites—perhaps inadvertently—to language that does not actually appear in the sales contract at all. In any event, as discussed *supra*, many courts faced with TCPA and RFDCPA claims have compelled arbitration under clauses similar to the actual provision at issue here, which calls for the arbitration of "any claim, dispute or controversy relating in any way to [the parties'] relationship." Jiron Decl. at Ex. A. "The paramount consideration in assessing substantive unconscionability is mutuality," Brown, 2013 WL 3273811, at *8 (citing Pokorny, 601 F.3d at 998), and plaintiff has offered no reason for this Court to question whether or not mutual assent has occurred here.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to compel arbitration and stay proceedings in this case.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |